# EXHIBIT 1

FILED
JANUARY 7, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHANIE QUINN, an Illinois resident, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>LVMH PERFUMES AND COSMETICS USA INC., a New York Corporation<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**08 C 138**

**JUDGE GRADY
MAGISTRATE JUDGE BROWN**

## CLASS ACTION COMPLAINT

Plaintiff, Stephanie Quinn ("Plaintiff"), an Illinois resident, individually and on behalf of all other similarly situated, by and through her undersigned counsel, alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action as a Class Action pursuant to Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons who purchased lipstick that was manufactured, marketed, and/or distributed by LVMH Perfumes and Cosmetics USA and ("LVMH"), from the offering of sale of the concerned lipstick products to the present (the "Relevant Period"), containing lead (the "concerned lipstick products").

2. LVMH manufactured, imported, and/or distributed the concerned lipstick products that contain dangerous and harmful levels of lead, which is poisonous, especially if ingested.

3. LVMH's marketing of the concerned lipstick products affirmatively and impliedly presented the products as being suitable for ordinary use.

4. LVMH has manufactured or caused to be manufactured, marketed and/or distributed millions of the concerned lipstick products designed for consumers of all ages for the main purpose of applying said products to the user's lips, despite the fact that the concerned lipstick products contained lead. LVMH did so despite the clear and obvious dangers posed by the inclusion of lead in their lipstick products, and the fact that the ingestion of lead by consumers can cause serious long-term injury.

5. Despite the presence of lead in the concerned lipstick products, LVMH failed to list lead as an ingredient in said products and, to date, LVMH has not recalled the concerned lipstick products, nor has it offered to reimburse Plaintiff or other members of Plaintiff Class for the costs of the concerned lipstick products, nor provided for any other relief.

6. The concerned lipstick products manufactured or caused to be manufactured, marketed, and/or distributed by LVMH are not fit for their ordinary use. Consumers purchasing them, including Plaintiff, did not receive the benefit of their bargain.

7. As a result of LVMH's negligent and reckless conduct, Plaintiff and other members of Plaintiff Class have been improperly exposed to a known hazardous substance, and have been sold a product not fit for its intended purpose. Due to such exposure, these individuals are at an increased risk of being poisoned by lead. Early detection of lead poisoning, through medical testing, is made advisable by LVMH's manufacturing, marketing, and distribution of its lead-containing lipstick products.

8. Accordingly, Plaintiff brings this action to recover the actual and compensatory damages for the monies expended by herself and the Plaintiff Class for the

concerned lipstick products and for the recovery of unjustly retained profits, as well as to recover the costs of diagnostic testing necessary to detect lead poisoning for her and other members of the Plaintiff Class resulting from LVMH's actions.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this nationwide class action pursuant to 28 U.S.C. §1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5,000,000.00, exclusive of interest and costs, includes more than 100 Class members, and is a class action in which at least one of the Class members is a citizen of a different state than LVMH. See 28 U.S.C. §1332(d)(2)(A). This Court also has personal jurisdiction over LVMH because they are authorized to do business and in fact do business in this state, and LVMH has sufficient minimum contacts with this state and otherwise intentionally avails itself of the markets in this state through the promotion, marketing, and sale of its products in this state, to render the exercise of jurisdiction by this Court permissible.

10. Venue is proper in the Northern District of Illinois because a substantial part of the events detailed in Plaintiff's Complaint occurred in this District.

## PARTIES

11. Plaintiff Stephanie Quinn is and has been a resident and citizen of Illinois during the Relevant Period. Specifically, Plaintiff purchased and personally used LVMH Addict Positive Red, which is manufactured, marketed, and/or distributed by LVMH and is one of the concerned lipstick products known to contain dangerous levels of lead. During the Relevant Period, Plaintiff applied the LVMH Addict Positive Red directly to

her lips. Plaintiff was deceived by LVMH's material omissions in failing to disclose that the concerned lipstick products contained harmful levels of lead, because LVMH could not have represented the concerned lipstick products were safe had it truthfully disclosed that the products contained the complained-of lead. Plaintiff would not have purchased, nor can other members of the Class be reasonably presumed to have purchased, the concerned lipstick products had they known that they would be exposed to said excessive quantities of lead.

12. Defendant LVMH Perfumes and Cosmetics USA Inc. ("LVMH") is a New York Corporation, doing business in the state of New York and throughout the United States. LVMH, an acronym for Louis Vuitton Moet Hennessy, is an American subsidiary of a French parent corporation. LVMH's worldwide revenues exceed €6 billion, of which more than €1 billion is for perfume and cosmetics. LVMH manufactures and distributes such products as Hennessy cognac, Dom Perignon champagne, and Christian Dior perfumes and cosmetics. Websites are maintained by LVMH that reach out, inter *alia,* internationally throughout the United States, Europe, and most of the world.

## STATEMENT OF FACTS

### A. LVMH MARKETED THE CONCERNED LIPSTICK PRODUCTS AS BEING SAFE FOR USE DESPITE THE FACT THAT THEY CONTAIN HARMFUL LEVELS OF LEAD.

13. LVMH's marketing of the concerned lipstick products affirmatively and impliedly assures consumers that the concerned lipstick products are safe for use.

14. Despite its representations, both affirmatively and impliedly, that the concerned lipstick products were safe for such use, LVMH distributed the concerned lipstick products that contained the complained-of lead.

15. Plaintiff and other members of Plaintiff Class were deceived by LVMH material omissions and failure to state that the concerned lipstick products contained lead, and purchased the concerned lipstick products believing that they were safe for application on their lips.

16. The concerned lipstick products of LVMH include, but are not limited to, Addict Positive Red which is manufactured, distributed, and/or sold by LVMH.

17. The concerned lipstick products were sold at various retailers throughout the United States for a number of years and continuing to the present day.

**B.   LVMH KNEW OR SHOULD HAVE KNOWN OF THE DANGERS OF THE CONCERNED LIPSTICK PRODUCTS.**

18. Exposure to lead causes a wide range of adverse health effects. Even low levels of exposure to lead can result in IQ deficits, learning disabilities, behavioral problems, stunted or slowed growth, and impaired hearing.

19. At increasingly high levels of exposure, people may suffer kidney damage, become mentally retarded, fall into a coma, or even die from lead poisoning.

20. Pregnant women and children are particularly vulnerable to lead exposure, as lead easily crosses the placenta and enters the fetal brain, where it can interfere with normal development.

21. Lead has also been linked to infertility, miscarriage, hormonal changes, menstrual irregularities, and delays in the onset of puberty.

22. Lead can build up in the body over time, and applying lead-containing lipstick several times a day, every day, can result in significant exposure levels.

23. During a woman's lifespan, a typical woman can inadvertently ingest approximately 4 pounds of lipstick.

24. It has been reported that 63% of girls aged 10 and younger use lipstick

25. Accordingly, LVMH knew or should have known that manufacturing and distributing lipstick products containing any amount of lead was dangerous to those individuals using them, and that such lipstick products were not safe as LVMH represented them to be.

26. It is possible, and reasonable, to manufacture lipstick that does not contain lead, and such products are manufactured and marketed.

C.   THE CONCERNED LIPSTICK PRODUCTS.

27. On October 11, 2007, the Campaign for Safe Cosmetics ("CFS") made public a report that revealed that LVMH lipstick products contain dangerous levels of lead.

28. The U.S. Food and Drug Administration ("FDA") has established a limit of 0.1 parts per million ("ppm") for levels of lead in candy, a standard that has been established to protect children from directly ingesting lead.

29. Lipstick products, much like candy, are directly ingested into the body when an individual licks their lips, eats, etc.

30. The tests conducted by the CFS revealed that LVMH's Addict Positive Red's lead level was in the amount of 0.21 ppm, which is more than two the accepted level of lead.

- 7 -

31.     Plaintiff purchased and applied LVMH Addict Positive Red to her lips.

32.     To date, LVMH has not issued a recall of the concerned lipstick products or offered compensation, nor has it engaged in responsible marketing advising against the use of the concerned lipstick products.

33.     Moreover, as a result of LVMH's negligent and reckless conduct, Plaintiff and members of Plaintiff Class have been exposed to a known hazardous substance. As a result of such exposure, these individuals are at an increased risk of being poisoned by lead and may have already been so poisoned and adversely affected. Accordingly, Plaintiff also seeks to recover the purchase price of the concerned lipstick products which, but for LVMH's conduct as described herein, would not have been paid, the costs of diagnostic testing necessary to detect lead poisoning fur herself and the other members of the Plaintiff Class resulting from LVMH actions, as well as injunctive relief correcting the false perception created in the public of LVMH omissions as above stated.

## CLASS CERTIFICATION

34.     This action is brought as a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons throughout the United States and its territories who purchased lipstick products that contained the complained-of lead, which were marketed, manufactured, the lipstick products that contained the complained-of lead, which were marketed, manufactured, and/or distributed, or placed in commerce for sale, by LVMH, from the offering of sale of the concerned lipstick products to the present.

35.     Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court. The identity and exact number of Class members is

unknown but can likely be determined from information within the possession of LVMH. It is estimated to be in the millions.

36. Plaintiff's claims are typical of those of other Plaintiff Class members, all of whom have suffered harm due to LVMH's uniform course of conduct.

37. There are numerous and substantial questions of law and fact common to all members of Plaintiff Class which control this litigation and predominate over any individual issues pursuant to Rule 23(b)(3). These common issues include, but are not limited to:

    a) Whether the concerned lipstick products are defective;

    b) Whether the concerned lipstick products are inherently dangerous;

    c) Whether, as a result of LVMH's conduct, Plaintiff and the other members of Plaintiff Class have been exposed to a known hazardous substance;

    d) Whether early detection, through medical testing, of lead poisoning is made necessary and advisable by LVMH's manufacturing, marketing, and distribution of lipstick products containing lead;

    e) Whether LVMH is refusing to pay for the costs of lead testing;

    f) Whether Plaintiff and other members of Plaintiff Class are entitled to injunctive relief;

    g) Whether LVMH has been unjustly enriched; and

    h) Whether LVMH's conduct amounts to an unfair and deceptive practice under Illinois law and/or similar laws of other states.

38. LVMH's conduct is such that it is appropriate that there is final injunctive relief to enjoin its conduct with respect to Plaintiff Class as a whole pursuant to Rule 23(b)(2).

39. A class action is the appropriate method for the fair and efficient adjudication of this controversy for the following reasons:

    a) Without a class action, Plaintiff Class will continue to suffer damage, LVMH's violations of the law or laws will continue without remedy, and LVMH will continue to enjoy the fruits and proceeds of its unlawful misconduct;

    b) Given (i) the substantive complexity of this litigation; (ii) the size of the individual Plaintiff Class members' claims; and (iii) the limited resources of the Plaintiff Class members, few, if any, Plaintiff Class members could afford to seek legal redress individually for the wrongs LVMH has committed against them;

    c) This action will foster an orderly and expeditious administration of Plaintiff Class members' claims, economies of time, effort and expense, and uniformity of decision; and

    d) Inferences and presumptions of materiality and reliance are available to obtain class-wide determinations of those elements within Plaintiff Class members' claims, as are accepted methodologies for class-wide proof of damages; alternatively, upon adjudication of LVMH's common liability, the Court can efficiently determine the claims of the individual Plaintiff Class members; and the this action presents no difficulty that would impede the Court's management of its as a class action, and a class action is the best (if not the only) available means by which members of Plaintiff Class can seek legal redress for the harm caused them by LVMH.

### CLAIMS FOR RELIEF

### COUNT I

### (Violations of Consumer Protection Laws)

40. Plaintiff re-alleges paragraphs 1 through 40 as if fully set forth herein.

41. This is a claim for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.,* and those other state consumer protection statutes which are in all material respects similar to it.

42. Section of 2 of the ICF, 815 ILCS 505/2, provides in pertinent part:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that other rely upon the concealment, suppression or omission of such material fact, or the use of employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission. (footnotes omitted)

43. Section 10a of the ICFA, 815 ILCS 505/10A, provides in pertinent part:

> (a) Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper . . .

> \* \* \*

> (b) Except as provided in subsections (f), (g), and (h) of this Section, in any action brought by a person under this Section, the Court may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party.

44. Plaintiff and other Plaintiff Class members are "consumers" or "persons," as defined and construed under the ICFA, 815 ILCS 505/1 *et seq.,* and other states' similar Consumer Protection Laws.

45. LVMH's conduct as alleged herein occurred in the court of trade or commerce.

46. LVMH's marketing through affirmative and implied representations of the concerned lipstick products as being safe for use constitutes an unfair or deceptive trade practice.

47. Upon information and belief, LVMH knew or should have known of the lead in its lipstick products and the damages associated with the inclusion of the lead, as well as the resulting lack of fitness for use, at all material times, but did not disclose the defect to consumers.

48. Even though LVMH knew or should have known of the defective nature of the concerned lipstick products, it continued to sell said products to consumers without properly disclosing or correcting the defect, intending that consumers rely on their representation that the concerned lipstick products were safe for use.

49. LVMH's sales practices were deceptive, misleading, and intended to increase its own profits to the detriment of consumers. LVMH has profited from the uniform deceptive practices and marketing campaigns, in that LVMH was able to sell hundreds of thousands of the concerned lipstick products that it could not have sold absent its deceptive practices, including affirmative and implied representation and omissions, causing Plaintiff and Plaintiff Class damages.

50. Plaintiff and other members of Plaintiff Class were deceived by LVMH's failure to disclose the damages of its concerned lipstick products that contained improper levels of lead. LVMH would not have been able to sell the concerned lipstick products had it properly disclosed the fact that they contained lead.

51.     Plaintiff and other members of the Plaintiff Class would not have purchased the concerned lipstick products if LVMH had disclosed the dangers of the concerned lipstick products, including that such products contained lead as aforesaid.

52.     Plaintiff and other Plaintiff Class members suffered actual damages as a result of LVMH's deceptive and unfair trade practices. Specifically, as a result of LVMH's deceptive and unfair trade practices, Plaintiff and other Plaintiff Class members suffered monetary losses, i.e., the purchase price of the concerned lipstick products, which themselves are unfit for their intended purpose, and further can be expected to suffer in the future the cost of medical monitoring necessitated by their exposure to the lead in LVMH's concerned lipstick products.

53.     By reason of the foregoing, LVMH is liable to Plaintiff and Plaintiff Class members in an amount to be proved at trial, including, but not limited to, treble damages or other penalties as may be appropriate under applicable law.

## COUNT II

(Breach of Implied Warranty Pursuant to the U.C.C.)

54.     Plaintiff re-alleges paragraphs 1 through 40 as if fully set forth herein.

55.     Under the Uniform Commercial Code in Illinois and in other states, there exists an implied warranty of merchantability. *See* 810 ILCS 5/2-314.

56.     LVMH, in the manufacture, production, and sale of concerned lipstick products impliedly warranted to Plaintiff and other members of the Plaintiff Class that the concerned lipstick products were fit for their ordinary purpose, application of one's lips.

57. LVMH breached the implied warranty of merchantability by selling the concerned lipstick products, which are dangerous and cannot safely be used for their ordinary purpose, because they contain the complained-of lead.

58. LVMH's concerned lipstick products were in fact unmerchantable because they could not safely be used for other ordinary and intended purpose.

59. LVMH knew or should have known that the concerned lipstick products did not meet the capabilities as represented and marketed.

60. Plaintiff and other members of the Plaintiff Class have been and will be damaged, and have suffered and will suffer direct economic damage, including the cost of the concerned lipstick product and the future cost of the medical monitoring necessitated by their exposure to the lead in LVMH's concerned lipstick products.

61. By reason of the foregoing, LVMH is liable to Plaintiff and the members of the Plaintiff Class in an amount to be proved at trial.

### COUNT III

(Breach of Implied Warranty Pursuant to the Magnuson-Moss Warranty Act)

62. Plaintiff re-alleges paragraphs 1 through 40 as if fully set forth herein.

63. The Magnuson-Moss Warranty Act provides for a civil action by consumers for failure to comply with implied warranties arising under state law. *See* 15 U.S.C. § 2310 (d)(1).

64. LVMH, in the manufacture, production, and sale of the concerned lipstick products impliedly warranted to Plaintiff and other members of the Plaintiff Class that the concerned lipstick products were fit for their ordinary purpose, application on one's lips.

65. LVMH breached the implied warranty of merchantability under Illinois law and other states' laws by selling the concerned lipstick products, which are dangerous and cannot safely be used for their ordinary purpose, because they contain the complained-of lead.

66. LVMH's concerned lipstick products were in fact unmerchantable because they could not safely be used for their ordinary and intended purpose.

67. LVMH knew or should have known that the concerned lipstick products did not meet the capabilities as represented and marketed.

68. Plaintiff and members of the Plaintiff Class have been and will be damaged, and have suffered and will suffer direct economic damage, including the cost of the concerned lipstick product, and the future cost of medical monitoring necessitated by their exposure to the lead in LVMH's concerned lipstick products.

69. By reason of the foregoing, LVMH is liable to Plaintiff and other member of the Plaintiff Class in an amount to be proved at trial.

## COUNT IV

(Strict Liability)

70. Plaintiff re-alleges paragraphs 1 through 40 as if fully set forth herein.

71. LVMH is strictly liable for damages because:

    a) it placed the concerned lipstick products in the stream of commerce;

    b) the condition of the concerned lipstick products – containing lead – rendered them unreasonably dangerous;

      c)      the inherently dangerous condition existed when the product left the control of LVMH; and

      d)      the condition was a proximate cause of injury.

72. Plaintiff and other members of Plaintiff Class may recover for purely economic loss because their damages are proximately cased by LVMH's intentional, false representation that the concerned lipstick products are safe when, in fact, they are not.

73. Plaintiff and other members of Plaintiff Class have been and will be damaged, and have suffered and will suffer direct economic loss, including both the cost of the concerned lipstick product and the future cost of medical monitoring necessitated by the presence of lead.

74. By reason of the foregoing, LVMH is liable to Plaintiff and members of Plaintiff Class in an amount to be proved at trial.

## COUNT V

(Negligence Per Se)

75. Plaintiff realleges paragraphs 1 through 40 as if fully set forth herein.

76. LVMH failed to comply with the applicable Federal statute on adulterated cosmetics, particularly the Food, Drug and Cosmetics Act (21 U.S.C. § 301 *et seq.*).

77. LVMH manufactured, distributed, delivered and/or sold cosmetics that contained a poisonous and deleterious substance lead, and thus, said cosmetics were prohibited adulterated cosmetics under the Federal Food Drug and Cosmetics Act. LVMH was therefore negligent *per se*.

78. As a direct and proximate result of LVMH's negligence *per se*, Plaintiff and other members of Plaintiff Class were damaged in an amount to be determined at trial.

## COUNT VI

(Unjust Enrichment)

79. Plaintiff realleges Paragraphs 1 through 40 as if fully set forth herein, and alleges this Count in the alternative.

80. LVMH received from Plaintiff and other Plaintiff Class members certain monies from their purchase of the concerned lipstick products which are excessive and unreasonable, and are the result of LVMH's deceptive conduct. The concerned lipstick products sold by LVMH were unreasonably dangerous and unfit for their intended purpose.

81. As a result, Plaintiff and other members of Plaintiff Class have conferred a benefit on LVMH, and LVMH has knowledge of his benefit and has voluntarily accepted and retained the benefit conferred on it.

82. LVMH will be unjustly enriched it is allowed to retain such funds, and each Plaintiff Class member is entitled to an amount equal to the amount each Plaintiff Class member enriched LVMH and for which LVMH has been unjustly enriched.

83. By reason of the foregoing, Plaintiff lacks an adequate remedy at law.

84. By reason of the foregoing, LVMH is liable to disgorge to Plaintiffs and member of Plaintiff Class the amount by which each Plaintiff Class member enriched LVMH and for which LVMH has been unjustly enriched.

## COUNT VII

(Injunctive Relief)

85. Plaintiff realleges paragraphs 1 through 40 as if fully set forth herein.

86. By distributing, selling, and/or manufacturing lead containing lipstick products, LVMH is violating 21 U.S.C. § 331.

87. Pursuant to 21 U.S.C. § 332, Congress has granted this Court specific jurisdiction to enjoin violations of 21 U.S.C. § 331.

88. Upon information and belief, LVMH continues to sell, manufacture, and/or distribute the concerned lipstick products. LVMH is therefore currently violating 21 U.S.C. § 331, and upon information and belief will continue to do so, absent an injunction.

89. Plaintiff and Plaintiff Class are entitled to a temporary retraining order, preliminary injunction, and permanent injunction, all enjoining LVMH from distributing, selling, and/or manufacturing the concerned lipstick products in violation of 21 U.S.C. § 331. If allowed to sell during course of the case they should be required to disclose the content.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and other Plaintiff Class members request that the Court enter an order of judgment against LVMH, including the following:

a. Certification of the action as a Class Action pursuant to Rule 23(b)(1), (2) and (3) of the Federal Rules of Civil Procedure, and appointment of Plaintiff as Class Representative and Plaintiff's counsel of record as Class Counsel;

    b.    Damages in the amount of monies paid for the concerned lipstick products or the differential between the price paid and the reduced value due to the defect.

    c.    Damages in the amount of monies paid or to be paid for medical testing for lead poisoning of Plaintiff and other members of Plaintiff Class;

    d.    Actual damages, statutory damages, punitive or treble damages, and such other relief as provided by the statutes cited herein;

    e.    Pre-judgment and post-judgment interest on such monetary relief;

    f.    Injunctive relief enjoining LVMH from distributing, selling and/or manufacturing adulterated cosmetics;

    g.    The costs of bringing this suit, including reasonable attorneys' fees; and

    h.    All other relief to which Plaintiff and members of Plaintiff Class may be entitled at law or in equity.

### DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on any and all counts for which trial by jury is permitted by law.

*[signature]*
One of the Plaintiffs Attorneys

Dated: January 7, 2008

Lawrence Walner
Michael S. Hilicki
Aaron R. Walner
LAWRENCE WALNER & ASSOCIATES, LTD.
150 North Wacker Drive
Suite 2150
Chicago, Illinois 60606
(312) 201-1616 – Phone
(312) 201-1538 – Fax